NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANCIS YOMI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1622

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-17-0580-W-1.

---

Decided:  August 6, 2025

---

FRANCIS YOMI, Santa Fe, NM, pro se.

STEPHEN FUNG, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before PROST, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Francis Yomi appeals a decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction.  For the following reasons, we affirm.

### BACKGROUND

Mr. Yomi was employed as a GS-6 Physical Science Technician ("PST") for the Department of the Navy ("Navy") from July 7, 2014, to August 28, 2014.  S.A. 2.[1] Before being hired for that position, Mr. Yomi applied for a PST GS-7/8/9 position.  S.A. 16.  Though the Navy found he was qualified for the PST GS-7/8/9 position, he was ultimately not selected.  S.A. 16.

Mr. Yomi sought answers for his non-selection for the PST GS-7/8/9 position.  First, on August 19, 2014, Mr. Yomi met in-person with his second-line supervisor, a human resources specialist, and an administrative officer.  S.A. 16. During the meeting, the administrative officer told Mr. Yomi that "he had not been selected because he had not been selected," and the human resources specialist told Mr. Yomi that "the selection decision was up to the discretion of management."  S.A. 16.  In response, Mr. Yomi explained his belief that selection decisions should be based on the qualifications and merits of the applicants, not management discretion.  S.A. 39; Resp't's Informal Br. 4.  Second, on August 20, 2014, Mr. Yomi sent an email to his third-line supervisor informing her of the substance of the previous day's meeting and asserting that "it should be clearly explained why an applicant has not been selected from an objective criteria point of view, rather than a management discretion point of view."  S.A. 16–17.

On August 28, 2014, Mr. Yomi received a Notification of Termination of Appointment from the Navy. S.A. 153–54; *see* S.A. 17.  The notification letter stated that

---

[1]    "S.A." refers to the supplemental appendix included with the government's informal brief.

he was being terminated for failing to meet academic standards because he failed three exams, which was a listed cause for termination in his contract. *See* S.A. 112–13. That same day, Mr. Yomi chose to resign rather than being terminated. S.A. 2.

In September 2016, Mr. Yomi filed a complaint with the Office of Special Counsel ("OSC"). S.A. 17. As relevant here, Mr. Yomi alleged that his forced resignation was the result of his August 19 and 20, 2014 statements—which he alleged were whistleblower protected disclosures. S.A. 38–47. In June 2017, OSC closed the case. S.A. 4, 17–18.

In July 2017, Mr. Yomi filed an individual right of action ("IRA") appeal with the Board mainly alleging that the Navy retaliated against him due to his whistleblowing activities in violation of the Whistleblower Protection Enhancement Act of 2012. S.A. 15. The administrative judge ("AJ") concluded that Mr. Yomi "failed to non-frivolously allege Board jurisdiction." S.A. 21. The AJ made several specific findings. First, the AJ found Mr. Yomi's disclosures did not clearly implicate an identifiable law, rule, or regulation—a requirement for the disclosures being considered "protected" under 5 U.S.C. § 2302(b)(8). S.A. 19 (citing *Langer v. Dep't of Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001)). Mr. Yomi argued his statements implicated the Pendleton Civil Service Reform Act of 1883 ("Pendleton Act") and merit system principles,[2] but the AJ rejected Mr. Yomi's arguments in addition to finding more broadly that Mr. Yomi's disclosures did not clearly implicate a violation of any other law, rule, or regulation. S.A. 19–20. The AJ also found there was no abuse of authority, as Mr. Yomi did not show how any of his supervisors' statements adversely affected anyone's rights.

---

[2]    *See* 5 U.S.C. § 2301 (codifying merit system principles).

S.A. 20–21. The AJ finally rejected Mr. Yomi's claims that the statements he disclosed could constitute gross mismanagement. S.A. 21.

Mr. Yomi filed a petition for review of the AJ's initial decision with the Board. S.A. 220–28. The Board denied Mr. Yomi's petition and affirmed the AJ's initial decision with one modification relevant here. Specifically, the Board noted that the initial decision improperly "appeared to hold, in part, [Mr. Yomi] to a higher pleading standard than is permissible at the jurisdictional stage by finding that he failed to 'show'—rather than nonfrivolously allege—that his disclosures evidenced a violation of law, rule, or regulation." S.A. 6. The Board applied the modified standard and agreed with the AJ's initial decision that Mr. Yomi failed to non-frivolously allege his claim. *See* S.A. 6–7.

Mr. Yomi timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We uphold the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review whether the Board lacks jurisdiction de novo. *Forest v. MSPB*, 47 F.3d 409, 410 (Fed. Cir. 1995).

To establish Board jurisdiction over an IRA appeal, an appellant must have exhausted his or her administrative remedies before the OSC and make non-frivolous allegations[3] that a personnel action was taken in retaliation for

---

[3] A non-frivolous allegation is "an assertion that, if proven, could establish the matter at issue." 5 C.F.R.

any protected disclosure under 5 U.S.C. § 2302(b)(8) or protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *Young v. MSPB*, 961 F.3d 1323, 1328 (Fed. Cir. 2020). Mr. Yomi's disclosures are protected if he reasonably believes they evidence (1) "any violation of any law, rule, or regulation," or (2) "gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8).

The test for whether Mr. Yomi *reasonably* believed the disclosures met the criteria is an objective one. *See Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999) ("A purely subjective perspective of an employee is not sufficient . . . ."). This court asks "whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee would reasonably conclude that the actions of the government evidence wrongdoing as defined by the Whistleblower Protection Act." *Young*, 961 F.3d at 1328.

"[F]or a lawful agency policy to constitute 'gross mismanagement,' an employee must disclose such serious errors by the agency that a conclusion [that] the agency erred is not debatable among reasonable people. The matter must also be significant." *White v. Dep't of Air Force*, 391 F.3d 1377, 1382 (Fed. Cir. 2004). The Board considers an abuse of authority to include "an arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons." *Smolinski v. MSPB*, 23 F.4th 1345, 1351 (Fed. Cir. 2022) (quoting *Wheeler v. Dep't of Veterans Affs.*, 88 M.S.P.R. 236, 241 (2001)).

---

§ 1201.4(s). It must be more than conclusory, plausible on its face, and material to the legal issues in the appeal. *Id.*

On appeal, Mr. Yomi mainly challenges the Board's decision that he failed to non-frivolously allege that his disclosures identified violations of the Pendleton Act and merit system principles,[4] gross mismanagement, or abuse of authority. We reject Mr. Yomi's arguments and affirm the Board's decision.

The Board properly concluded that Mr. Yomi failed to non-frivolously allege that he engaged in protected whistleblowing activity. First, Mr. Yomi's alleged disclosures do not evidence a violation of the Pendleton Act or merit system principles, nor do they clearly implicate an identifiable violation of any other law, rule, or regulation. A disinterested observer would not reasonably conclude that the Navy was required to provide Mr. Yomi a reason for his non-selection in these circumstances or a hiring process entirely free from the discretion of management. That Mr. Yomi insists strongly on his subjective belief that the Navy violated a law, rule, or regulation is insufficient to make the requisite non-frivolous allegation.

Second, Mr. Yomi's allegations do not non-frivolously allege gross mismanagement or abuse of authority. Mr. Yomi clearly disagrees with both the process and substance of his supervisors' decisions, but "[m]ere differences of opinion between an employee and his agency superiors as to the proper approach to a particular problem or the

---

[4]    At the jurisdictional stage, Mr. Yomi was not required to identify a particular statutory or regulatory provision that he believed was violated if his "statements and the circumstances surrounding the making of those statements clearly implicate[d] an identifiable violation of law, rule, or regulation." *Langer*, 265 F.3d at 1266. But just as Mr. Yomi's statements and the surrounding circumstances do not evidence a violation of the Pendleton Act or merit system principles, neither do they clearly implicate an identifiable violation of any other law, rule, or regulation.

most appropriate course of action do not rise to the level of gross mismanagement." *White*, 391 F.3d at 1381. Similarly, nothing Mr. Yomi alleges gives us a basis to find an abuse of authority. For example, no disinterested observer would believe Mr. Yomi's supervisors' statements adversely affected anyone's rights or resulted in personal gain or advantage.

Because we conclude that Mr. Yomi failed to non-frivolously allege that he engaged in any form of protected whistleblowing activity, we hold that the Board properly dismissed Mr. Yomi's appeal for lack of jurisdiction.

## CONCLUSION

We have considered Mr. Yomi's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's dismissal for lack of jurisdiction.

## **AFFIRMED**

### COSTS

No costs.